PONDER, Judge,
dissenting.
I agree with the affirmance of the denial of suspension of judgment, but disagree with the denial of bail.
While the Supreme Court did not articulate its reasons for granting the writ in the case of State of Louisiana in the Interest of Chris Aaron, 390 So.2d 208, it did, in my opinion, hold that the right to bail does apply to juveniles. Once that hurdle is passed, I find Article 1, Section 18 of the 1974 Louisiana Constitution is applicable.[1] *279 I would, therefore, order that the trial court set bail.

. Art. 1, Section 18, La.Const. (1974):
“Excessive bail shall not be required. Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great. After conviction and before sentencing, a person shall be bailable if the maximum sentence which may be imposed is imprisonment for five years or less; and the judge may grant bail if the maximum sentence which may be imposed is imprisonment exceeding five years. After sentencing and until final judgment, a person shall be bailable if the sentence actually im *279 posed is five years or less; and the judge may grant bail if the sentence actually imposed exceeds imprisonment for five years.”